OPINION
{¶ 1} This is an appeal from Appellant's conviction and sentence on ten counts of child endangering.
 {¶ 2} Appellee is the State of Ohio.
STATEMENT OF THE FACTS AND CASE
 {¶ 3} On July 18, 2002, Appellant was indicted by the Licking County Grand Jury on ten counts of child endangering in violation of R.C. 2929.22(B)(2)
 {¶ 4} On October 7-8, 2002, Appellant was tried before a jury, resulting in Appellant's conviction on one count child endangering in violation of R.C. 2929.22(B)(2) as charged in the indictment and nine counts of child endangering in violation of R.C. 2929.22(B)(1), the lesser included offenses which are misdemeanors of the first degree.
 {¶ 5} By Judgment Entry dated October 10, 2002, Appellant was sentenced to six months in the county jail on each of the nine misdemeanor counts of child endangering and four years at the Orient Correctional Receiving Center on the one felony count of child endangering. The county jail sentences were to be served consecutively to one another but concurrently to the felony prison term.
 {¶ 6} It is from this conviction and sentence Appellant appeals, assigning the following sole error for review:
ASSIGNMENT OF ERROR
 {¶ 7} "THE PERFORMANCE OF TRIAL COUNSEL WAS DEFICIENT, AND DEPRIVED MR. DUFF OF HIS STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO EFFECTIVE ASSISTANCE OF COUNSEL. (TRIAL Tr., Vol. I, p. 154-188)."
 {¶ 8} In his sole assignment of error, Appellant claims that his trial counsel was ineffective. More specifically, Appellant claims that his trial counsel was ineffective for failing to properly object to the testimony of Janet McCleery, RN, CPNP. We disagree.
 {¶ 9} A claim of ineffective assistance of counsel requires a two prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. Lockhart v. Fretwell (1993), 113 S.Ct. 838,122 L.Ed.2d 180; Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley (1989), 42 Ohio St.3d 136.
 {¶ 10} In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley, 42 Ohio St.3d at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
 {¶ 11} In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. This requires a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Bradley, supra at syllabus paragraph three. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. It is with this framework in mind that we address the instances of alleged ineffectiveness of counsel raised by appellant in the instant case.
 {¶ 12} Appellant argues that his trial counsel should have objected to the testimony of Janet McCleery on the basis that such was more prejudicial than probative pursuant to Evid.R. 403(A).
 {¶ 13} A review of the transcript reveals that Appellant's trial counsel did in fact object to Ms. McCleery's testimony, arguing that such was hearsay. (T. Vol. I., P. 167, 174).
 {¶ 14} Ms. McCleery, a nurse practitioner, testified as to her evaluation and medical examination of the two victims in this case, Robert and Billie Dunkle, ages eleven and thirteen respectively.
 {¶ 15} In State v. Boston (1989), 46 Ohio St.3d 108, the Ohio Supreme Court held that "a trial court does not abuse its discretion when it admits a child declarant's statements made for the purpose of medical diagnosis or treatment pursuant to Evid.R. 803(4), without first establishing the child declarant's unavailability to testify."
 {¶ 16} Appellant concedes that the trial court had a basis in law for overruling the hearsay objection. (Appellant's Brief at p. 5).
 {¶ 17} Appellant argues that because both Robert and Billie testified, Ms. McCleery's testimony added nothing of probative value and instead served only to bolster the victims' credibility and inflame the passions of the jurors and therefore Appellant's trial counsel should have objected to such under Evid.R. 403(A). (Appellant's Brief at p. 4, 5).
 {¶ 18} While it is clear that an expert witness may not vouch for the credibility of a victim in an abuse case, Boston, supra, a review of the transcript of Ms. McCleery's testimony does not support the allegation that that is what she did.
 {¶ 19} Ms. McCleery's testimony, in addition to her background, education and training, consisted of the evaluation and medical exam she performed on the two victims in this case.
 {¶ 20} The fact that her testimony did not contradict and in fact supported the testimony of the victims does not make her testimony more prejudicial than probative.
 {¶ 21} Even assuming arguendo that we found that Appellant's trial counsel was ineffective in failing to object to said testimony under Evid.R. 403(A), Appellant has failed to show that the result of the proceeding would have been different but for said error, the second prong of the analysis under Bradley, supra.
 {¶ 22} Based on the foregoing, we find Appellant's sole assignment of error not well-taken and overrule same.
 {¶ 23} The decision of the Licking County Court of Common Pleas is affirmed.
By: Boggins, J., Hoffman, P.J., and Edwards, J. concur.